## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCESCO PLAZZA and SYLVIE NAUDE, individually and on behalf of all others similarly situated,<br><br>                      Plaintiffs,<br><br>   -against-<br><br><br>AIRBNB, INC.,<br><br>                   Defendant. | Index No.: 16 Civ. 1085<br><br><br>**<u>CLASS ACTION COMPLAINT</u>**<br><br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiffs Francesco Plazza and Sylvie Naude ("Plaintiffs"), by and through their undersigned counsel, bring this class action complaint against Airbnb, Inc. ("Airbnb," the "Company", or "Defendant"). Plaintiffs' allegations are based upon knowledge as to their own acts and experience and upon information and belief as to all other matters. Plaintiffs' information and belief is based upon, among other things, a comprehensive investigation undertaken by their attorneys, analysis of public records and other documents, and comprehensive legal analysis of the relevant law. Plaintiffs believe that after a reasonable opportunity for discovery, substantial additional evidentiary support will exist for the allegations set forth herein.

### <u>NATURE OF THE ACTION</u>

1.      This is an action seeking damages for violations of § 440 *et seq.* of New York Real Property Law (NYRPL) and § 349 of New York General Business Law (GBL), fraud, and unjust enrichment against Airbnb for its conduct and actions as an unlicensed "real estate broker."

2.      Through its website, www.airbnb.com, Airbnb created and maintains an operation that lists, advertises, and takes fees and/or commissions for property rentals it facilitates, controls, and processes payments for. Those individuals who sign up for Airbnb's services (*i.e.*, its "members") can either list and rent out their property (as "Hosts") or find properties to rent (as "Guests"). For every rental transaction, Airbnb takes and processes the rental payments and takes a percentage of the payment as a fee and/or commission from both the Host and the Guest. What may seem a novel and convenient enterprise is, at bottom, entirely illegal.

3.      NYRPL § 440-a unambiguously provides, in relevant part, that "[n]o person, co-partnership, limited liability company or corporation shall engage in or follow the business or occupation of, or hold himself or itself out or act temporarily or otherwise as a real estate broker … in this state without first procuring a license therefor." Airbnb does not presently and has never had such a license.

4.      As defined in NYRPL §440, Airbnb clearly falls within the ambit of "real estate broker" as the term includes "any person, firm, limited liability company or corporation, who, for another and for a fee, commission or other valuable consideration … rents, or offers or attempts to negotiate a … rental of an estate or interest in real estate, or collects or offers or attempts to collect rent for the use of real estate." As described herein, this is precisely the activity Airbnb engages in.

5.      Penalties for violating NYRPL § 440-a, include refund of all commissions paid and a penalty that is equal to 400% of those commissions.

6.      Airbnb's authority is vested in 86 pages of convoluted, single-spaced adhesion contracts and rental agreements that purport to disclaim all liability and responsibility for its own

unlawful conduct while categorically attempting to usurp the lawful rights and remedies of its members at every level.

7.      While a real estate broker is required by law to either avoid actual conflicts in the transactions it controls or obtain written consent to waive such conflicts, Airbnb does neither. In fact, the Company goes so far as to place itself in the position of sole arbiter and decision-maker in all member disputes and vests itself with complete discretion with regard to the fees and commissions its takes as well as the distribution of rental payments it processes.

8.      For these reasons, and those described herein, Airbnb is operating in clear violation of New York law and engaging in deceptive and fraudulent conduct that has resulted and will continue to result in actual harm to its members, including the Plaintiffs and members of the proposed class, who pay for these services.

9.      Plaintiffs therefore seek relief in the form of statutory, actual, and punitive damages, declaratory and injunctive relief, an award of attorneys fees and expenses, and all additional relief the Court deems just and proper.

## JURISDICTION AND VENUE

10.      This Court has diversity subject-matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. §1332, at subsection (d), conferring federal jurisdiction over class actions where, as here:

(a)    here are 100 or more members in the proposed class;

(b)    there is minimal diversity, in that at least some members of the proposed class have a different citizenship from Airbnb; and

(c)    the claims of the proposed Class members exceed the sum or value of five million dollars ($5,000,000) in the aggregate. *See* 28 U.S.C. §1332(d)(2) and (6).

11.    Plaintiffs' action satisfies CAFA's jurisdictional requirements, in that:

(a)    the proposed class will vastly exceed 100 members, given the international scope of Airbnb's service, and the hundreds of thousands of real estate transactions it engages in within the State of New York, alone;

(b)    at least some members of the proposed class are citizens of states different than Airbnb, a Delaware corporation with its principle place of business in California;

(c)    at a minimum, the two named class members, Francesco Plazza and Sylvie Naude, citizens of New York, have different citizenship from Airbnb (*i.e.*, California and Delaware); and

(d)    as alleged herein, the claims of the proposed class members vastly exceed five million dollars ($5,000,000) in the aggregate.

12.    This Court has personal jurisdiction over the parties because Plaintiffs are citizens of New York and because Airbnb transacts substantial business within the State of New York, including the Southern District, in New York City.

13.    Venue in this judicial district is proper pursuant to 28 USC § 1391(a) because Airbnb conducts substantial business in, and may be found in, this district, and Plaintiffs and members of the proposed class paid the illegal rental commissions for properties within the State of New York.

## PARTIES

14.     Plaintiff Francesco Plazza is a resident of the State of New York, is a long-term member of Airbnb, and, during the relevant time period, served as a Host (*i.e.*, listing and renting property to another individual through Airbnb). With regard to his Host transactions, Mr. Plazza paid real estate commissions/fees to Airbnb.

15.     Plaintiff Sylvie Naude is a resident of the State of New York, is a long-term member of Airbnb, and, during the relevant time period, has served as both a Host (*i.e.*, listing and renting property to another individual through Airbnb), and as a Guest (*i.e.*, locating and renting property from a Host through Airbnb). With regard to these Host and Guest transactions, Ms. Naude paid real estate commissions/fees and/or rent to Airbnb.

16.     Defendant Airbnb Inc. is a domestic corporation that was formed in Delaware and lists its principal place of business as San Francisco, California. Airbnb does substantial business within the State and City of New York. In fact, in New York City, alone, Airbnb reportedly made nearly $300 million in revenue in 2014.

## CLASS ACTION ALLEGATIONS

17.     Plaintiffs bring this class action, on their own behalf and on behalf of all similarly situated individuals (the "Class"), under the provisions of Rule 23(a) and 23(b)(3) who:

> Paid any fee, commission, or rent to Airbnb for the purpose of listing and/or renting real property, including apartments, co-ops, condominiums, and houses, within the State of New York within the six year period preceding the filing of the complaint in this action.

Excluded from this above Class are: (1) Defendant, including its officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, and assigns; (2) any entity in which Defendant has a controlling interest, its officers, directors, affiliates, legal representatives,

employees, successors, subsidiaries, and assigns; (3) judicial and governmental entities including any judge, justice, or judicial officer presiding over this matter and members of their staff and immediate families; and (4) any person or company, which has negotiated and entered into unique rental agreements with Defendant that fails to contain or exclude the terms and provisions contained within the contracts of adhesion and rental agreements that Defendant publishes and requires assent to on its website.

18.     Plaintiffs reserve the right to amend the above Class definition if further investigation indicates that the Class definition should be expanded, narrowed, subdivided, or otherwise modified.

19.     Defendants' improper and illegal practices were applied uniformly to all members of the Class and arise out of the New York statutory claims alleged herein, so that the questions of law and fact are common to all members of the Class.

20.     All members of the Class are similarly affected by Airbnb charging and taking payment for illegal fees, commissions, and rent.

21.     Based upon the massive number of Airbnb members that have used Airbnb's website and services during the last six years to perform hundreds of thousands of rental transactions, it is apparent that the number of consumers in the Class is so large as to make joinder impractical, if not impossible.

22.     The claims asserted by Plaintiffs in this action are typical of the claims of the members of the Class, as the claims arise from the same course of conduct by Defendant, and the relief sought within the Class is common to its members.

23.     Plaintiffs will fairly and adequately represent, advance and protect the interests of the members of the Class.

24.     Plaintiffs have retained counsel that is competent and experienced in both consumer protection and class action litigation.

25.     Questions of law and fact common to the Class exist and predominate over questions affecting only individual members, including, *inter alia*:

(a)   Whether Airbnb's  real estate activities and services offered constitute the activities and services of a "real estate broker" as such term is defined by NYRPL § 440-1;

(b)   Whether Airbnb Inc. was and is required to obtain a real estate broker's license before engaging in any real estate broker activities;

(c)   Whether Airbnb has ever held a real estate broker's license in the State of New York;

(d)   Whether Airbnb Inc. unlawfully collects fees, commissions, and/or rent in connection with transactions it facilitates through its website;

(e)   Whether Airbnb ever executed the DOS Form 1735-a required by New York law;

(f)   Whether Airbnb engaged in deceptive business practices pursuant to N.Y. Gen. Bus. Law § 349;

(g)   Whether Airbnb was unjustly enriched in its collection of fees, commissions, and/or rent in connection with transactions it facilitates through its website; and

(h)   Whether Airbnb engaged in fraud by making material misrepresentations and/or omissions with respect to its right to collect fees, commissions, and/or rent in connection with transactions it facilitates through its website;

26.     Certification of this class action is appropriate under Fed. R. Civ. P. Rules 23(a) and 23(b)(3) because the question of law or fact common to the respective members of the class and any subclass predominate over questions of law or fact affecting only individual members.

27.     This predominance makes class litigation superior to any other method available for a fair and efficient decree of the claims.

28.     Absent a class action, it would be highly unlikely that the representative Plaintiffs or any other members of the Class would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed the expected recovery.

29.     Certification also is appropriate because Defendant acted, or refused to act, on grounds generally applicable to the Class, thereby making appropriate the relief sought on behalf of the Class as a whole.

30.     Further, given the large number of consumers of Airbnb's real estate services, allowing individual actions to proceed, in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

31.     A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender.

32.     The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regards to management of this class action.

## FACTUAL ALLEGATIONS

33.     According to its website (www.airbnb.com), Airbnb was founded in 2008 and operates as a "marketplace for people to list, discover, and book unique accommodations around the world — online or from a mobile phone or tablet." Since that time, Airbnb has facilitated accommodations for more than "60,000,000" Guests, in more than "34,000" cities, in more than "190" countries.

34.     Airbnb currently facilitates an average of 25,000 rental transactions per day in New York City alone, making it Airbnb's largest real estate rental market in the entire United States.

35.     Members can thereafter list their property (or properties) to rent (in the role of a "Host") or can find and request a rental booking at a Hosts' property (in the role of a "Guest").

36.     A Host does not need a real estate broker's license to rent out his or her own property.

37.     Since its inception, Airbnb has not charged Hosts any fee to advertise on its website. Instead, Airbnb charges Hosts a 3% commission on the revenue generated from rentals completed through its website.

38.     Airbnb deducts and retains the 3% commission from rental payments it receives and processes from Guests prior to distributing the balance to the Host.

39.     In addition to charging the Hosts, Airbnb also charges its Guests a commission.

40.     Airbnb does not disclose the percentage or amount of these Guest commissions to the Hosts or anyone other than the Guests. However, Airbnb's website claims the Guests' commissions vary with each transaction and fall somewhere within a range of 6% to 12% of the rental contract.

41.    As reflected within the terms of its various agreements, practices, and its website, Airbnb provides members with the following real estate services:

(a)    Airbnb lists and advertises properties available to rent on its website and seeks to be the primary mechanism and intermediary agent to connect members who are ready, willing and able to enter into real estate transactions, thereby earning two commissions in the process (*i.e.*, from both Guests and Hosts);

(b)    Airbnb provides, regulates and controls an online forum upon which all Hosts and Guests must conduct their communications and negotiations prior to completing and funding their rental agreements;

(c)    Airbnb requires all members who wish to complete rental transactions to assent to using Airbnb's mandatory 86-pages of adhesion contracts – effectively requiring Airbnb to act as the lawyer for all members;

(d)    Airbnb requires the Guest to assent to Airbnb's handling of all rental monies, requiring them to pay all of the rent and commission owed in each transaction to Airbnb, to act as an escrow agent in each and every Airbnb rental transaction, and giving Airbnb absolute discretion in deciding how such money is disbursed;

(e)    Airbnb requires all members to assent to Airbnb's absolute discretion to resolve disputes between its members concerning Airbnb's transactions and for Airbnb to make "final and binding" decisions (as an escrow agent and/or arbiter) concerning whether and how to enforce its own agreements -- including any decision on whether to cancel or enforce any agreement (*e.g.*

whether to provide a refund to the guest or find the guest another accommodation);

(f)     Airbnb offers Hosts an option to allow Airbnb to set the prices of their rentals, using Airbnb's proprietary software and business data of all Airbnb rentals in that location, which supposedly allows Hosts to maximize their rental income;

(g)     Airbnb makes available a free-of-charge professional photographer to take pictures of Host properties to be published on its website; and

(h)     Airbnb purchases outside advertising to promote its website to increase traffic and thus rentals (and commissions related thereto) of Host properties.

42.     Airbnb's substantial efforts in facilitating and completing the rental transactions involving New York properties, including the acceptance of rent and obtaining fees and commissions, satisfy both of the two alternate legal definitions of being a "real estate broker" under NYRPL § 440-1.

43.     Despite such real estate broker services and status, Airbnb has never had a New York real estate broker's license.

44.     Airbnb neither executes, nor ask its members to execute, the New York State Disclosure Form (DOS 1735-a), which is required under New York law.

45.     Consequently, Airbnb's lack of a real estate broker's license (and lack of such requisite disclosure form compliance) renders all of its real estate commissions illegal.

46.     Although Airbnb's Terms of Service provide that Airbnb is not a "real estate broker," such self-serving disclaimers are meaningless and contradicted by New York law.

## CLAIMS FOR RELIEF

### COUNT I
*(Statutory Action-NYRPL §440 et seq.-for being an unlicensed real estate broker)*

47.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

48.     NYRPL § 440-a requires any person or corporation engaged in the leasing of New York real estate and/or who collects rent for the leasing of real estate to obtain a New York State real estate broker's license.

49.     New York real estate broker's statute (NYRPL §440-1) creates several tests of whether a person or corporation is a "real estate broker."

50.     Because Airbnb's New York real business transactions predominately involve the leasing of New York real estate as well as collecting of rent therefrom, Airbnb's actions establish both alternate statutory definitions of being a New York "real estate broker."

51.     As a New York "real estate broker" Airbnb needs a New York real estate broker's license to collect any fee or commission for the rental of New York properties.

52.     Airbnb lacks any New York real estate broker's license.

53.     A real estate broker must further ensure all parties to any real estate agreement execute DOS Form 1735-a in its transactions.

54.     Airbnb had no right to receive any commissions for its real estate broker services within the State of New York.

55.     Plaintiffs have private rights of action to prosecute their claims against Airbnb for completing its unlicensed real estate broker transactions with Plaintiffs.

56.     Airbnb is subject to civil prosecution and penalties for acting as an unlicensed real estate broker in each of Plaintiffs' distinct New York real estate rental transactions.

57. Plaintiffs suffered damages when they paid Airbnb's illegal real estate fees and/or commissions for New York real estate rentals.

58. Plaintiffs are entitled to refund of such illegal commissions.

59. Because of Airbnb's extensive and deliberate conduct to violate NYRPL § 440-a and other New York civil and criminal laws in hundreds of thousands of real estate transactions, the Court should impose a penalty that is equal to 400% of the illegal commissions they paid.

60. Plaintiffs are also entitled to declaratory relief regarding Airbnb's unlawful conduct and an injunction preventing Airbnb from engaging in its illegal real estate transactions until its conduct is modified within the legitimate boundaries of law and ethics.

## COUNT II
*(Deceptive Trade Practices- GBL §349)*

61. Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

62. Plaintiffs and members of the Class qualify as "consumers," as described in GBL § 349.

63. Defendant made numerous false, misleading and deceptive statements and omissions of material facts with regards to its conduct, including, but not limited to, acting as an unlicensed real estate broker and the unlawful collection of fees and/or commissions.

64. Defendant's deceptive acts were such that a reasonably prudent consumer would likely be misled.

65. Plaintiffs and members of the Class suffered economic damages as a direct and/or producing result of Airbnb's past and ongoing violations of GBL § 349. Plaintiffs and members of the Class are therefore entitled to economic damages and treble damages for Airbnb's

knowing and/or intentional violations, as well as injunctive relief; attorneys' fees, litigation expenses, and court costs.

## COUNT III
### *(Fraud)*

66.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

67.     Defendant falsely represented and/or omitted material facts with regard to its conduct, including, but not limited to, acting as an unlicensed real estate broker, and the unlawful collection of fees and/or commissions.

68.     Plaintiffs justifiably relied upon Defendant's false representations and/or omissions.

69.     As a proximate cause of Defendant's fraudulent conduct, Plaintiffs were damaged by, *inter alia*, paying illegal real estate fees and/or commissions.

## COUNT IV
### *(Unjust Enrichment)*

70.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

71.     As a result of accepting illegal fees and/or commissions as an unlicensed real estate broker, Defendant has been unjustly enriched at Plaintiffs' expense.

72.     It is against principles of equity and good conscience for Defendant to retain the benefit of those funds received from the Plaintiffs and members of the Class.

73.     Accordingly, Plaintiffs and members of the Class are entitled to a judgment against Defendant in the amount of any profits as a direct and proximate result of the retention of such illegal fees and/or commissions.

## PRAYER FOR RELIEF

WHEREFORE**,** Plaintiffs, on behalf of themselves and others similarly situated, pray for relief pursuant to each cause of action set forth in this Complaint as follows:

    a.  For an order certifying that the action may be maintained as a class action, certifying Plaintiffs as representatives of the classes, and designating their counsel as counsel for the Class;

    b.  For an award of damages provided by statute;

    c.  For actual damages to be determined at trial;

    d.  For a refund of all illegal real estate fees and/or commissions paid to Defendant;

    e.  For a 400% penalty upon all of Defendant's illegal commissions pursuant to NYRPL § 442-e(3) for the past six years;

    f.  For payment of the interest on Plaintiffs money that Defendant earned while holding such in trust on their behalf;

    g.  Punitive damages;

    h.  Pre- and post-judgment interest;

    i.  Attorneys fees, expenses, and court costs; and

    j.  Such other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury on all issues so triable.


DATED: February 11, 2016

Respectfully submitted,

**NEWMAN FERRARA LLP**


By:    *s/ Jeffrey M. Norton*

Lucas A. Ferrara
Jeffrey M. Norton
1250 Broadway, 27th Fl.
New York, NY 10001
Tel.: (212) 619-5400
Fax: (212) 619-3090
lferrara@nfllp.com
jnorton@nfllp.com

**LAW OFFICE OF KENT GUBRUD P.C.**
Kent L. Gubrud
11 Broadway, Suite 568
New York, NY 10004
Tel: (212) 968-8818
Fax: (212) 504-8225
law@depose.net

***Counsel for Plaintiffs
and the Proposed Class***